# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20219-Civ-TORRES

SAMUEL BENZANT

       Petitioner,

v.

JULIE L. JONES, as Secretary, Florida
Department of Corrections

       Respondent.

_____/

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS

This matter is before the Court Julie L. Jones's ("Respondent") motion to dismiss against Samuel Benzant ("Petitioner") on the basis that the Petitioner's habeas petition is untimely. [D.E. 10]. Petitioner responded to Respondent's motion on September 25, 2017 [D.E. 14] and supplemented his response on October 10, 2017 [D.E. 16] to which Respondent did not reply. Therefore, Respondent's motion is now ripe for disposition. After careful consideration of the motion, response, the relevant authority, the record presented, and for the reasons discussed below, Respondent's motion is **DENIED**.

## I. BACKGROUND

On January 19, 2016, Petitioner filed a petition for writ of habeas corpus contesting his state court conviction for first degree murder and robbery with a firearm. [D.E. 1]. Petitioner concedes that his petition is untimely, yet argues that his prior attorney negligently failed to file a state postconviction motion before the limitations period expired to file a federal habeas petition. As such, Petitioner seeks relief – under the doctrine of equitable tolling – to allow his petition to be considered on the merits.

In September 2010, Petitioner claims that he retained attorney Andrew Rier ("Mr. Rier") to file a state postconviction motion on his behalf. Mr. Rier was retained one month before Petitioner's conviction became final and thirteen months before Petitioner's § 2254 time period expired. Petitioner argues that he consistently requested Mr. Rier to timely file a state postconviction motion to preserve his federal habeas rights, but that Mr. Rier allegedly failed to do so.[1] More specifically, Petitioner contends that on December 12, 2010 he sent a letter to Mr. Rier referencing his federal habeas rights. Petitioner also sent a letter on February 13, 2011 stating: "I have a few questions in reference to my case. The first one is I am under the impression that I had one year after my mandate to file a federal ha[beas]. Is this the same as a[] habeas corpus?" [D.E. 15-1].

---

[1] Petitioner has copies of the letters that he sent to Mr. Rier that appear to indicate that he requested Mr. Rier to file a state postconviction motion much earlier than when it was ultimately filed so as to preserve his rights to proceed in federal court if necessary.

After Mr. Rier received the February 13, 2011 letter, Mr. Rier scheduled a telephone conference with petitioner. Mr. Rier purportedly explained that – as long as the state postconviction motion is timely filed within two years of the state appellate court's mandate, and if the state postconviction motion is denied and affirmed on appeal – Petitioner would have one year from the date of the postconviction appellate mandate to file a § 2254 petition. Petitioner claims that he accepted Mr. Rier's advice and therefore Mr. Rier did not file a state postconviction motion until March 2012 – 18 months after he had been retained.

As a result of Mr. Rier's delay, Petitioner's § 2254 time period expired before the state postconviction motion was filed. Petitioner claims that – had he known that Mr. Rier was required to file a state postconviction motion by October 20, 2011 – he would have retained new counsel or timely filed a *pro se* state postconviction motion. In sum, Petitioner suggests that Mr. Rier's erroneous advice and failure to timely file Petitioner's state postconviction motion – as requested – entitles Petitioner to relief under the doctrine of equitable tolling and a consideration of his habeas petition on the merits. *See Holland v. Florida,* 560 U.S. 631(2010).

## II. APPLICABLE PRINCIPLES AND LAW

"Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96 (1990)). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the

petitioner." *San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir. 2011). In satisfying this burden, a petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida,* 677 F.3d 1097, 1099 (11th Cir. 2012). "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.* As such, a petitioner is "entitled to equitable tolling" only if he can show that "he has been pursuing his rights diligently," and "that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (citing *Irwin,* 498 U.S. at 96).

The determination of what satisfies an extraordinary circumstance is not mechanical because the tradition in courts of equity is to "relieve hardships . . . aris[ing] from a hard and fast adherence" to absolute legal rules. *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 248 (1944). The Supreme Court's "cases recognize that equity courts can and do draw upon decisions made in other similar cases for guidance, exercising judgment in light of precedent, but with awareness of the fact that specific circumstances, often hard to predict, could warrant special treatment in an appropriate case." *Holland,* 560 U.S. at 632 (citing *Coleman v. Thompson,* 501 U.S. 722, 753 (1991)). Therefore, the determination of whether equitable tolling applies is specific to the facts of each case because courts must "exercise [their] equity powers . . . on a case-by-case basis." *Baggett v. Bullitt,* 377 U.S. 360, 375 (1964).

### *III.  ANALYSIS*

Respondent's motion to dismiss is aimed at Petitioner's reliance on the doctrine of equitable tolling.  Respondent argues that Petitioner's equitable tolling claim is conclusory in nature and fails to demonstrate any entitlement for relief.  Respondent also suggests that Petitioner has failed to demonstrate that attorney negligence is enough to trigger equitable tolling.  *See Downs v. McNeil*, 520 F.3d at 1321–22, 1323 (11th Cir. 2008) (giving as an example of egregious misconduct "outright willful deceit" for purposes of equitable tolling); *see also, Roper v. Dep't of Corrs.*, 434 F. App'x 786 (11th Cir. 2011) (holding that "affirmative misrepresentation by counsel" about the status of a motion may constitute "extraordinary circumstances" justifying equitable tolling of habeas filing deadline).

Even if Petitioner is entitled to equitable tolling, Respondent demands that the Petitioner file an amended habeas petition with specific references to how equitable tolling applies to the facts presented.  At the time Respondent filed her motion, the letters referenced between Petitioner and Mr. Rier – allegedly demonstrating attorney negligence – were not part of any court file and were therefore unavailable.  Hence, Respondent believes that it is impossible to respond to Petitioner's claim of equitable tolling without the production of all the letters communicated between Petitioner and Mr. Rier.

Under 28 U.S.C. § 2244(d)(1), federal habeas petitions must be filed within one year of (1) the final judgment on direct review or the expiration of the time for

seeking such review; (2) the removal of any state-imposed impediment that unconstitutionally prevented the filing of such a petition; (3) the Supreme Court's announcement of a new, retroactive constitutional right, or; (4) the date when the facts supporting the claim could have been discovered through due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)–(D). This time limitation is tolled while a state post-conviction review is pending. *See* 28 U.S.C. § 2244(d)(2).

Here, the Florida Third District Court of Appeal denied Petitioner's direct appeal and motion for rehearing on July 12, 2010 – meaning Petitioner's conviction became final on October 19, 2010 which is the last day Petitioner could have sought review in the United States Supreme Court. *See Hollinger v. Sec'y Dep't of Corr.*, 334 F. App'x 302, 303 (11th Cir. 2009) ("Under AEDPA, Hollinger's conviction became "final" on October 21, 2004-90 days after rehearing was denied on direct appeal.") (citing *Bond v. Moore,* 309 F.3d 770, 773-74 (11th Cir. 2002) (explaining that a judgment becomes "final" on the date on which the U.S. Supreme Court issues a decision on the merits of petitioner's direct appeal or denies certiorari, or after the expiration of the 90 days in which petitioner could file such a petition)).

In September 2010, Petitioner retained Mr. Rier – one month later and thirteen months *before* Petitioner's conviction became final. Mr. Rier allegedly advised Petitioner that as long as the state postconviction motion is timely filed within two years of the state appellate court's mandate – and if the state postconviction motion is denied and if the denial is affirmed on appeal – then

6

Petitioner will have one year from the date of the postconviction appellate mandate to file a § 2254 petition.   If true, Mr. Rier's advice was obviously incorrect because Mr. Rier was required to file the state postconviction motion by October 20, 2011 – i.e. one year from the date Petitioner's conviction became final.

In *Holland v. Florida*, the Supreme Court set forth a two-part test to determine whether a petitioner is entitled to equitable tolling in a habeas case: (1) the petitioner must have been diligently pursuing his rights, and (2) some extraordinary circumstance must have stood in the way of a timely filing.  *See Holland*, 560 U.S. at 649.   While the first prong of the test is clearly defined as "reasonable diligence," the Court has purposefully left open the meaning of what constitutes an extraordinary circumstance.   The Court has only determined that "a garden variety claim of excusable neglect," *Irwin*, 498 U.S. at 96, or a simple "miscalculation" that leads to a lawyer missing a filing deadline does not warrant equitable tolling.   *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).   As a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Secretary of Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir. 2001); *see also Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

The Supreme Court's decision in *Holland* is instructive given the facts presented.   In *Holland*, an attorney failed to timely file a habeas petition and

appeared to have been unaware of the date on which the limitations period expired. *See Holland*, 560 U.S. at 631. The Court found that ordinarily these two actions might merely suggest simple negligence. Yet, the attorney in *Holland* committed more than simple negligence when he failed to timely file a federal habeas petition despite his client's letters that emphasized the importance of doing so. The attorney also (1) did not conduct the necessary research to file the petition, (2) failed to inform the petitioner that the Florida Supreme Court had decided his case, and (3) failed to communicate with his client for years:

> [The lawyer] apparently did not do the research necessary to find out the proper filing date, despite [the petitioner's] letters that went so far as to identify the applicable legal rules. [The lawyer] failed to inform [the petitioner] in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And [the lawyer] failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id*. at 652.

The Court held that these failures violated the fundamental canons of professional responsibility, "which require attorneys to perform reasonably competent legal work, to communicate with their clients, to implement clients' reasonable requests, to keep their clients informed of key developments in their cases, and never to abandon a client." *Id*. at 652-53 (citation omitted). Because Holland wrote his attorney numerous letters seeking direction on his case, contacted the state courts, state clerks, and the Florida State Bar, the Court determined that he clearly met the diligence prong of equitable tolling. *See Holland*, 560 U.S. at 653

8

("[D]iligence required for equitable tolling purposes is reasonable diligence") (citations and quotation marks omitted); *see also Smith v. Comm'r, Ala. Dep't of Corr.,* 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam) (acknowledging petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts" (internal quotation marks omitted)).

As for the extraordinary circumstance prong, the Court found that the Eleventh's Circuit rule that equitable tolling was only available if a petitioner offered proof of bad faith, dishonesty, divided loyalty, or mental impairment was too rigid. *See Thomas v. Att'y Gen., Fla.*, 795 F.3d 1286, 1292 (11th Cir. 2015) ("'[B]ad faith, dishonesty, divided loyalty, [and] mental impairment' . . . may . . . serve as extraordinary circumstances that support a claim to equitable tolling.") (quoting *Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008)). While the Court held that the Eleventh Circuit's examples satisfied the standard for an extraordinary circumstance, the Court determined that many other unforeseeable situations could also meet that burden and entitle a petitioner to equitable tolling. *See Holland*, 560 U.S. at 650 ("The 'flexibility' inherent in 'equitable procedure' enables courts 'to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices.'") (citation omitted).

Based on *Holland*, we cannot find – at this juncture – that the Petitioner is not entitled to equitable tolling. The letters attached in response to Respondent's motion to dismiss appear to indicate that Petitioner sought Mr. Rier's assistance to

9

preserve his federal habeas rights. The letters also give rise to the question of whether Mr. Rier failed to do any research to determine the deadline for filing the state postconviction motion and whether he, in some respects, abandoned his client. And finally, the record shows that Mr. Rier gave Petitioner misinformation about what was required to preserve Petitioner's federal habeas rights. When joined together, it is certainly conceivable that Mr. Rier's conduct meets the type of "extraordinary circumstance" that was foreseen in *Holland*.

With respect to the due diligence prong, the letters establish that Petitioner attempted to preserve his federal habeas rights on at least two (if not more) occasions and that he wanted Mr. Rier to file a state postconviction motion that preserved his ability to file a habeas petition in federal court. This is more than enough to constitute reasonable diligence. *See Holland*, 560 U.S. at 653 (finding that a petitioner is only required to exercise reasonable diligence, not maximum feasible diligence). As such, we have no basis – without more – to determine conclusively that Petitioner is not entitled to equitable tolling and therefore Respondent's motion to dismiss must be **DENIED**.[2]

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Respondent's motion to dismiss is **DENIED**.

---

[2] Of course, the denial of Respondent's motion to dismiss has no bearing on the merits of the habeas petition. It merely means that we cannot determine at this point that equitable tolling is unavailable and that Petitioner's habeas should be denied on the basis of timeliness.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of
October, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge